**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DESHAWNE A. TAYLOR,

Plaintiff,

v. Case No. 2:20-cv-00027

SOUTH CENTRAL REGIONAL JAIL and
LIEUTENANT TERRY,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court for initial screening is Plaintiff's Complaint (ECF No. 2). Also pending is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

*I. STANDARD OF REVIEW*

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who seeks to proceed *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action

created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Defendants have not been served with process and should not be required to appear or defend this matter.

## *II. ALLEGATIONS IN COMPLAINT*

The instant complaint alleges that, on November 26, 2019, Plaintiff was placed in a "max security" pod at the South Central Regional Jail ("SCRJ") where he was physically assaulted by two unidentified inmates. (ECF No. 2 at 4). Plaintiff claims that an Officer Savour (who is not named as a defendant herein) helped him grab his belongings and sent him to a waiting room where he met with Lieutenant Terry ("Terry"). (*Id.* at 4-5). Plaintiff states that he told Terry about the assault and said he did not know the inmates who

attacked him, so Terry said he would "review the cameras." (*Id.* at 5). Plaintiff further alleges that, despite the fact that his face was scratched and swollen and his mouth was bloody, Terry failed to get him any medical attention and never investigated the assault. Plaintiff states that he did have an x-ray done on December 13, 2019, but no pictures were taken and no report was ever completed. (*Id.*) Plaintiff suggests that Terry and the SCRJ showed a "lack of concern" and did not "go about the procedures by the book." (*Id.*)

## *III. ANALYSIS*

### *A. The South Central Regional Jail is not a proper defendant.*

The SCRJ is a correctional facility operated by the West Virginia Division of Corrections and Rehabilitation (the "WVDCR"). Thus, it is a state agency or entity. Plaintiff's claims against the Defendants are construed to be brought under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, § 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) [Emphasis added].

To the extent that Plaintiff has named the SCRJ as a defendant, it is not a suable entity against whom relief can be granted. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that a State, including its agencies, and its officials acting in their official capacities, are not "persons" under § 1983.

Furthermore, pursuant to the Eleventh Amendment to the United States Constitution, the power of the federal judiciary does not extend to suits by a citizen of one state against another, or to suits by a citizen against his or her own state. *Hans v. Louisiana*, 134 U.S. 1, 9 (1980). Thus, the Eleventh Amendment of the United States Constitution bars a suit in a federal court by private parties seeking to impose monetary liability upon a State or State officials, which may be paid from public funds in the state treasury. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). Absent consent or waiver by statute, federal suits against a state by a citizen of that state or another state are prohibited by the Eleventh Amendment. *Kentucky v. Graham*, 473 U.S. 159, 199 (1985); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). These narrow exceptions to Eleventh Amendment immunity do not exist in this case. *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 248-49 (4th Cir. 2012). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the SCRJ is not a person who can be sued under § 1983 and is further immune from suit under the Eleventh Amendment. Therefore, the complaint fails to state a plausible claim for relief against the SCRJ.

*B. Claim against Terry.*

Plaintiff's complaint alleges that Terry insufficiently investigated the inmate-on-inmate assault in which Plaintiff claims he was injured. However, there is no federal constitutional right to a particular type of investigation or investigatory practice. *See Boose v. Adkins*, No. 3:18-cv-01480, 2020 WL 3086885, at *20 (S.D.W. Va. May 20,

2020), *report and recommendation adopted*, 2020 WL 3078333 (S.D.W. Va. June 10, 2020); *see also Jones v. Ervin*, No. 2:19-cv-385-RMG, 2019 WL 2241860, at *2 (D.S.C. May 24, 2019) ("Plaintiff has failed to state any valid claims against the Defendant officers [because the] allegations, that Plaintiff informed them of the retaliation and they allegedly ignored him and failed to investigate, do not make out a § 1983 claim."); *Battle v. N. Carolina Dep't of Pub. Safety*, No. 1:17-cv-174-FDW, 2018 WL 4620619, at *8 (W.D.N.C. Sept. 26, 2018) (dismissing § 1983 claim that defendants failed to adequately and truthfully investigate plaintiff's complaints about various acts of deliberate indifference and retaliation because there is no constitutional right to an investigation); *Mitchell v. Murray*, 856 F. Supp. 289, 294 (E.D. Va. 1994) (stating that there is not a "fundamental right requiring prison administrators [to] investigate prisoner complaints."); *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 344 (N.D.N.Y. 2010) (citing *Torres v. Mazzuca,* 246 F.Supp.2d 334, 341–42 (S.D.N.Y. 2003) (prisoners do not have a due process right to a thorough investigation of grievances).

Moreover, to the extent that the complaint summarily asserts that Terry "did not get [Plaintiff] any medical attention," that, too, fails to rise to the level of a plausible constitutional violation. The Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). However, not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Id.* at 106.

Here, Plaintiff has not alleged facts to establish that he had any serious medical needs. A medical need is serious where it "has been diagnosed by a physician as mandating treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.2d 225, 241 (4th Cir. 2008). Plaintiff alleges nothing more than a bloody mouth and scratches and swelling on his face, which have not been found to be serious medical needs. *See, e.g., Donovan v. Buchanan Cnty. Sheriff's Off.,* No. 1:21-cv-00005, 2022 WL 1580108, at *6 (W.D. Va. May 19, 2022) ("minor abrasions to the face and extremities would not appear to constitute a serious medical need."); *Feather-Gorbey v. U.S. Att'y Gen.*, No. 5:21-cv-00593, 2021 WL 8202580, at *3 n.4 (S.D.W. Va. Nov. 24, 2021), *report and recommendation adopted*, No. 5:21-cv-00593, 2022 WL 671010 (S.D.W. Va. Mar. 7, 2022) (collecting similar cases); *McGugan v. Clarke*, 2021 WL 4429191, *4 (W.D. Va. Sept. 27, 2021) (finding that an allegation of bruising does not state an objectively serious medical need); *Alexander v. Parks*, 2019 WL 346426, *4 (W.D. Va. Jan. 28, 2019) (allegations of minor abrasions, a red spot on his head, and a swollen hand are not sufficiently serious); *see also Abernathy v. Anderson*, 98 F.3d 1, 8 (1st Cir. 2020) (finding that cuts, bruises, swelling, and some bleeding are not serious medical needs); *Hinson v. Bias*, 927 F.3d 1103, 1122 (11th Cir. 2019) (plaintiff's skin abrasions and bruise on his knee did not amount to a serious medical need); *Elcock v. Whitecotton*, 434 F. App'x 541, * 2 (7th Cir. 2011) (allegations of scratches and bruises did not constitute a serious medical need); *Adams v. Compton*, 2005 WL 2006975, * 10 (W.D. Va. Aug. 17, 2005) (holding that various bruises, abrasions and a knot on the head are not sufficiently serious medical conditions). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state any plausible claim for relief against Terry.

## *IV. RECOMMENDATION*

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's complaint (ECF No. 2) and this civil action, pursuant to the provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

October 12, 2022

Dwane L. Tinsley
United States Magistrate Judge